## AIKEN *vs.* HILTON *et al.*

The certificate of the clerk to the bill of exceptions must be in substantial compliance with the statute. Hence, a certificate which, after stating the facts governing his action, proceeds thus : " That (to the best of my knowledge and belief) the within bill is the original bill of exceptions filed in the above stated case, at the May Term, 1880, of the Superior Court," is insufficient.

Practice in the Supreme Court. Certificate. Bill of exceptions. September Term, 1880.

When this case was called counsel for defendants moved to dismiss the writ of error because of insufficiency of the certificate of the clerk to the bill of exceptions. The certificate was as follows :

" STATE OF GEORGIA,    }  Clerk's Office of Superior Court of said
    McIntosh County.    }    County, July 12th, 1880.

" I hereby certify that the Board of County Commissioners of McIntosh county, at their regular meeting held July 7th, 1880, appointed me Clerk of the Superior Court of said county, for the unexpired term of L. B. Davis, late Clerk, resigned ; that I entered upon the duties of said office on the 9th day of July instant. That I found the within bill of exceptions, with others, the papers constituting the record in the case of Isaac M. Aiken *vs.* Hiltons & Foster, an action for use and occupation, on file in this office, and the former Clerk being absent, learned from the postmaster at Darien, that the same was received by registered letter from A. P. & S. B. Adams, counsel for plaintiff.

" That (to the best of my knowledge and belief) the within bill is the original bill of exceptions filed in the above stated case, at the May Term, 1880, of the Superior Court.

" Given under my hand and official seal of office, this 12th day of July, A. D., 1880.                    C. L. LIVINGSTON,
        *Clerk Superior Court McIntosh County, Ga.*"

The motion was sustained, the court placing its judgment upon the fact that the certificate was only to the best of the knowledge and belief of the clerk, and not on the absence of the word " true," which is found in the certificate prescribed by the statute.

A. P. & S. B. ADAMS; W. A. WAY, for plaintiff in error.

CHISHOLM & ERWIN; TOMPKINS & DENMARK, for defendants.